IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARCUS TYRONE WILLIAMSON, )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>UNTIED STATES OF AMERICA, )<br>)<br>**Respondent.** ) | **1:05CV437**<br>**1:00CR288-1** |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). In the motion, Petitioner is attacking his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling. He attempts to argue or reargue the merits of his case in order to have his criminal conviction vacated. The motion for reconsideration therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003).

Not only is Petitioner's motion actually a § 2255 motion, but Court records reveal that Petitioner has already challenged this conviction in a previous § 2255 action. [1:02CV81] Therefore, the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive

§ 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 200.

**IT IS THEREFORE ORDERED** that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 actions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2255 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

**IT IS THEREFORE RECOMMENDED** that Petitioner's "Rule 60(b)" motion be construed as an attempt by Petitioner to file a second or successive § 2255 action.

**IT IS FURTHER RECOMMENDED** that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 4, 2008